UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 2 0 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 99-043-6 (PLF)
)
PEDRO AGRAMONTE, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Pedro Agramonte's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of the motion, the applicable law, and the entire record herein, the Court will deny the motion.[1]

On May 3, 2000, a jury convicted Mr. Agramonte, along with two co-defendants, on four counts: (1) conspiracy to distribute cocaine, cocaine base ("crack cocaine") and heroin; (2) unlawful distribution of cocaine base and aiding and abetting; (3) unlawful possession with intent to distribute heroin and aiding and abetting; and (4) unlawful possession with intent to distribute heroin within 1,000 feet of a school and aiding and abetting. The Court vacated Mr. Agramonte's conviction on Count Three prior to sentencing, finding that it was a lesser-included offense of Count Four. See Tr. at 3.

Because the trial occurred prior to the Supreme Court's ruling in Apprendi, the jury was not asked to determine the quantity of drugs at issue. See Apprendi v. New Jersey, 530

---

[1] The relevant papers reviewed by the Court in connection with this matter include: Defendant's 18 U.S.C. § 3582(c)(2) Motion ("Mot."); Presentence Investigation Report ("PSR"); Judgment and Commitment ("J&C"); Sentencing Transcript (attached to J&C) ("Tr.").

U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt."); see Tr. at 2.[2] Rather, at sentencing, the Court relied on the trial testimony of a co-conspirator to find that from the time Mr. Agramonte joined the conspiracy he was responsible for twenty kilograms of powder cocaine, five kilograms of heroin, and no cocaine base. See Tr. at 11-13.

Because two different drugs were involved, the Court converted each of the drug quantities into their marijuana equivalents, using the Guidelines' marijuana conversion table, as required by the Guidelines. See U.S.S.G. § 2D1.1(c). The Court then added the amounts together, yielding a total of 9000 kilograms of marijuana, resulting in a Base Offense Level of 34. See Tr. 12-13. The Court added one level for commission of an offense within 1,000 feet of a school, see U.S.S.G. § 2D1.2, three levels for Mr. Agramonte's role in the conspiracy, see U.S.S.G. § 3B1.1, and two levels for obstruction of justice, see U.S.S.G. § 3C1.1, yielding an adjusted offense level of 40. See Tr. 13, 15-20. Defendant was at a Criminal History Category I. At Offense Level 40, Criminal History Category I, Mr. Agramonte's Guidelines sentencing range was 292 to 365 months. The Court determined that it would sentence Mr. Agramonte at the low end of the Guidelines (292 months). Giving him a six-month downward departure because of his status as a deportable alien, see United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994), the Court sentenced him to 286 months' imprisonment, followed by five years of supervised release on

---

[2] The validity of Mr. Agramonte's sentence is not affected by Apprendi, because he was not sentenced beyond the statutory maximums (20 years on Counts One and Two, and 40 years on Count Four). See Apprendi v. New Jersey, 530 U.S. at 490; Tr. at 4-7.

Counts One and Two, and seven years of supervised release on Count Four, these terms to run concurrently. See J&C at 2-3, 7.

Now Mr. Agramonte asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on amendments to the United States Sentencing Guidelines that retroactively lowered the base offense level for crack cocaine offenses. See U.S.S.G. App. C, Supp. Amend. 706, 711, 715.

District courts are authorized by Congress to modify a defendant's sentence in three limited circumstances set forth in 18 U.S.C. § 3582(c). The subsection relevant to this motion provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Eligibility for modification under 18 U.S.C. § 3582(c)(2) turns on whether the defendant's term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. Mr. Agramonte argues that he is eligible for reduction under Section 3582(c)(2) because (1) he was convicted of a crack cocaine offense, and (2) the Sentencing Commission amended and lowered the base offense level for crack cocaine offenses by two levels and made those amendments retroactive. See U.S.S.G., Supp. to App. C, Amend. 706, 711, 715. The flaw in Mr. Agramonte's argument is that 18 U.S.C. § 3582(c)(2) does not apply to *all* cases where a defendant is convicted of a crack cocaine offense, but only

when a defendant's term of imprisonment is "based on" the crack cocaine "sentencing range that [was] subsequently [] lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2); U.S.S.G. App. C, Supp. Amend. 706, 715. The defendant is not eligible for relief under Section 3582(c)(2) because his sentence was not "based on" the crack cocaine sentencing range subsequently lowered by Amendment 706.

Although Mr. Agramonte was convicted of conspiracy to distribute cocaine, cocaine base and heroin, his sentence was based on a factual determination relating to his possession of powder cocaine and heroin and his involvement in a conspiracy to distribute those drugs, not cocaine base or crack. As a result, his sentence was "based on" and determined by reference to powder cocaine and heroin converted to their marijuana equivalents, and thus on the relevant guidelines for marijuana. Because the "guideline range that determined the defendant's sentence" was not the crack cocaine guideline subsequently lowered by the Sentencing Commission, defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2). United States v. Cook, 594 F.3d 883, 888 (D.C. Cir. 2010); see U.S.S.G. § 1B1.10(a)(2)(A). The Sentencing Commission has not amended the Guidelines sentencing ranges for marijuana, or the conversion rate of powder cocaine or heroin to marijuana. See U.S.S.G. § 1B1.10(a)(2)(A); id. at § 1B1.10(c). Mr. Agramonte therefore is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

For the reasons stated above, it is hereby

ORDERED that Defendant's Motion to Reduce Sentence [648] is DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 4/20/10